UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
ROBERT MOCO,

        Plaintiff,

     -against-

NEW YORK CITY POLICE DEPARTMENT,

        Defendant.
--------------------------------------------------------x
ROBERT MOCO,

        Plaintiff,

     -against-

NEW YORK CITY POLICE DEPARTMENT,

        Defendant.
--------------------------------------------------------x

**NOT FOR PUBLICATION**

**MEMORANDUM AND ORDER**
17-CV-5608 (PKC)(LB)

17-CV-5611 (PKC)(LB)

PAMELA K. CHEN, United States District Judge:

     Plaintiff Robert Moco, previously incarcerated at Riker's Island and recently transferred to the Central New York Psychiatric Center, filed four *pro se* civil rights actions against the New York City Police Department in the United States District Court for the Southern District of New York.  All four cases subsequently were transferred to this district.  Two of those cases, docketed as 17-CV-5245 and 17-CV05261, were dismissed by this Court's Order dated December 7, 2017. *Moco v. New York City Police Department*, No. 17-CV-5245, slip op. (E.D.N.Y. Dec. 7, 2017). With respect to these two remaining actions, the Court grants Plaintiff's applications to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915, but dismisses both cases, with leave to amend within thirty (30) days of this Order.

**BACKGROUND**

The instant complaints, though dated June 17, 2017 and June 18, 2017, both allege that they were delivered to prison authorities for mailing on July 12, 2017. The complaints were received in the Southern District on August 11, 2017 and transferred to this Court on September 7, 2017.

In the complaint docketed as 17-CV-5608, Plaintiff alleges that on November 27, 2012 "[s]omeone who in the past I had problems with placed a gun and drugs in my vehicle." (Complaint, Dkt. 1, at ECF 4.) [1] He alleges that police officers subsequently arrested him and searched his car. (*Id.*) He attaches arrest and charge information indicating that he was arraigned on November 28, 2012 in Queens County Criminal Court, Case Number 2012QN061687, and charged with criminal possession of weapons and controlled substances. (*Id.* at 7.) The document indicates that the charges were dismissed on August 6, 2013 after a grand jury returned a No True Bill on August 2, 2013. (*Id.* at 9.)

In the complaint docketed as 17-CV-5611, Plaintiff alleges that police officers came to his residence on January 30, 2014, dragged him out of his home, and threw him into the snow. (Complaint, Dkt. 1, at 4.) He states that the officers told him that his landlord had filed a complaint against him. (*Id.*) He alleges that he was detained for three days and paid $1000 bail before the charges were dismissed on September 16, 2014. (*Id.*) He attaches the arrest and charge information sheet indicating that he was arraigned in Queens County Criminal Court, Case Number 2014QN005828, on a charge of criminal mischief on January 31, 2014 and that the charge was dismissed on September 16, 2014 on speedy trial grounds. (*Id.* at 7.)

---

[1] "ECF" refers to the page numbers assigned by the court Electronic Case Filing (ECF) system, and not the document's internal pagination.

The only named defendant in both actions is the New York City Police Department. Plaintiff seeks monetary damages in each complaint.

On December 11, 2017, the Court received a letter from Plaintiff dated December 5, 2017 ("December 11th Letter"). The letter provides an updated address for Plaintiff and states: "I would also like to adjust the case to be against the City of New York, the police officers (ie John Doe) and the witness (ie John Doe) who made the false accusations that led to my arrest." (Dkt. 7.)

## DISCUSSION

**A.      Standard of Review**

Under 28 U.S.C. § 1915A, the Court must review the complaint in a civil action in which a prisoner seeks redress from a governmental entity or from officers or employees thereof, to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Pursuant to the *in forma pauperis* statute, the court must dismiss a complaint if it determines that the action is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Where it is clear from the face of the complaint that a claim is barred by the applicable statute of limitations, that claim is subject to dismissal for failure to state a claim. *See Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (holding that a complaint can be dismissed on initial review based on an affirmative defense that appears on the face of the complaint.)

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation

marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## B. Statute of Limitations

In New York State, the statute of limitations for civil rights actions brought pursuant to 42 U.S.C. § 1983 is three years. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (discussing *Wilson v. Garcia*, 471 U.S. 261 (1985), which held that courts deciding claims under § 1983 should "borrow" the state statute of limitations for personal injury actions); N.Y. C.P.L.R. § 214 (McKinney's) (the statute of limitations for personal injury actions in New York is three years). Generally, a § 1983 claim accrues "when the plaintiff knows or has reason to know of the harm" he or she has suffered. *See Connolly v. McCall*, 254 F.3d 36, 41 (2d Cir. 2001) (quoting *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994)). The Supreme Court has clarified that the statute of limitations for a claim of false imprisonment, which includes false arrest, begins to run at the time the claimant "becomes held pursuant to [legal] process—when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace v. Kato*, 549 U.S. 384, 389 (2007). The statute of limitations for claims of malicious prosecution begins when "the underlying criminal action is conclusively terminated." *Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir. 1995) (citation omitted).

Plaintiff did not file the instant lawsuits until July 2017 at the earliest. Counting back three years from the date that Plaintiff claims he delivered his complaints to prison authorities, Plaintiff's claims would have had to accrue after July 12, 2014 in order to be timely. Plaintiff was arraigned on November 28, 2012 and January 31, 2014 in connection with the arrests on which his complaints are based. As Plaintiff's false arrest claims accrued more than three years prior to the filing of his two complaints, these claims are time-barred. *See Milan v. Wertheimer*, 808 F.3d 961,

963-964 (2d Cir. 2015) (affirming *sua sponte* dismissal of claims that fall outside of statute of limitations for § 1983 actions).

Liberally construing the complaints, Plaintiff may also be seeking to bring claims for malicious prosecution. The November 27, 2012 arrest described in 17-CV-5608 resulted in charges that were dismissed on August 6, 2013, which is more than three years before Plaintiff filed the instant civil rights actions. Accordingly, the potential malicious prosecution claims in 17-CV-5608 appear to be time-barred as well. The complaint docketed as 17-CV-5611 alleges that the charges it describes were dismissed on September 16, 2014. Thus, these claims are not barred by the statute of limitations.

The statute of limitations may be subject to equitable tolling in exceptional circumstances, which, in New York State, includes "a disability because of infancy or insanity at the time the cause of action accrues." CPLR § 208 (McKinney's). Plaintiff has not alleged any disability that would extend the statute of limitations for his time-barred claims.

## C.  Naming Proper Defendants

Even if Plaintiff's claims are found to be timely, he has not named the proper defendants. Plaintiff's allegations suggest claims for false arrest and malicious prosecution, which are cognizable under 42 U.S.C. § 1983. In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.* In order to bring a claim pursuant to § 1983, a plaintiff must show that each of the named individuals is personally liable for the alleged harm. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . §

1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). A municipality can be liable under § 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Cash v. County. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011), *cert. denied*, 565 U.S. 1259 (2012) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury.") (citation and internal quotation marks omitted). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-824 (1985).

In the instant two complaints, Plaintiff initially named the New York City Police Department ("NYPD") as the only defendant. However, the New York City Charter provides that suits "shall be brought in the name of the City of New York and not in that of any agency." N.Y. City Charter § 396; *see also Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007). Although Plaintiff added the City of New York ("City") as a defendant in his December 11th Letter[2], he has not alleged any unconstitutional policy or custom that would confer municipal liability on the City. Accordingly, Plaintiffs' claims against both the NYPD and City are dismissed for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B)(ii). Thus, in order to proceed on his civil rights claims, Plaintiff must identify individual defendants who may be held liable under § 1983.

---

[2] The Court is liberally construing Plaintiff's December 11th Letter as amending his two complaints.

While Plaintiff's December 11th letter purports to include John Doe defendants, it fails to identify any of these individual defendants by name or specify the actions each defendant took or failed to take in violation of Plaintiff's civil rights. In order to properly identify the John Doe defendants, Plaintiff must offer any identifying information he can recall, including names, jobs or titles, and physical descriptions of these individuals.

**D.      Leave to Amend**

In light of Plaintiff's *pro se* status, the Court grants leave to amend the above-captioned complaints. In order to proceed, Plaintiff must name the individuals whom he believes to have been responsible for the alleged deprivation of his constitutional rights. If Plaintiff does not know the names and badge numbers of the arresting officers or other officer-defendants, he may identify each of them as John Doe Police Officer #1, or the like, along with any physical description and precinct assignment, if known. He must provide the date and location for all relevant events and a brief description of what each defendant did or failed to do in violation of Plaintiff's civil rights.

Moreover, in order to proceed on his claims for false arrest and his malicious prosecution related to the November 27, 2012 incident described in 17-CV-5608, Plaintiff must demonstrate exceptional circumstances that would provide a basis for equitable tolling of the statute of limitations. If he was subject to a disability during the period he seeks to toll, he must provide the Court with detailed information about these circumstances and demonstrate that he "acted with reasonable diligence throughout the period he seeks to toll." *Doe v. Menefee,* 391 F.3d 147, 159 (2d Cir. 2004) (citation omitted).

## **CONCLUSION**

For the reasons stated above, these two actions are hereby dismissed pursuant to 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B). The Court grants Plaintiff thirty (30) days within which to file amended complaints to name appropriate defendants and demonstrate exceptional circumstances to overcome any relevant statute of limitations. Any amended complaint must be captioned "Amended Complaint" and bear the same docket number as the complaint it seeks to replace. Plaintiff is reminded that any amended complaint completely replaces all previous complaints filed under that docket number. If Plaintiff fails to file amended complaints within 30 days, the actions will be dismissed and judgments shall enter. No summonses shall issue at this time, and all further proceedings shall be stayed for 30 days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: Brooklyn, New York
      January 9, 2018